Dear Mr. Miller:
You have requested an official opinion from this office on the following question:
 "May the Board of County Health Center Trustees in a County of the Third Class enter into a contract with the County Court of said County for the purpose of operating an ambulance service, with a portion of the funds for said operation coming from the County Health Center and part from payments made by those individuals using the service?"
The statutory powers and duties of a county health center include the following:
 "The public health center is established, maintained and operated for the improvement of health of all inhabitants of said county. . ." § 205.050, RSMo.
 "The board of county health center trustees shall not enter into contracts for the private practice of medicine, nor shall any of its personnel practice medicine nor dispense drugs, vaccines or serums for personal gain, nor shall its facilities be used for such purpose in any way except as it may be necessary and agreed upon between the board and county court or courts for the care of the indigent for whom the court or courts may be responsible, or except in furtherance of diagnostic and communicable disease control programs." § 205.060, RSMo.
 "Each school of healing licensed by the state of Missouri shall have equal rights in said health center." § 205.120, RSMo.
Although the transportation of persons who are sick, injured, wounded, diseased or otherwise incapacitated or helpless has a relationship to the "health" of citizens, we do not believe that the legislature has intended to confer the power to operate or maintain ambulance services upon health centers or their governing boards. We note instances where the legislature has expressly conferred such power upon particular governmental entities: County, city, town, or village, § 67.300, RSMo (L.Mo. 1967, p. 140); Fire protection district, § 321.225, RSMo (L.Mo. 1969, p. 430); Ambulance district, §§ 190.005 et seq., RSMo (L.Mo. 1971, p. 231).
The Missouri Supreme Court has commented thusly as to one of the above laws:
 ". . . Section 67.300 is an enabling Act granting authority for activities not previously permitted cities of the fourth class, namely, operation of ambulance services; however the authority conferred may not be extended beyond the legislative intendment. `A municipal corporation such as [plaintiff] is a creature of the legislature, possessing only those powers expressly granted, or those necessarily or fairly implied in or incidental to express grants, or those essential to the declared objects of the municipality. Any reasonable doubt as to whether a power has been delegated to a municipality is resolved in favor of nondelegation.'. . ." City of Raytown v. Danforth, 560 S.W.2d 846, 848 (Mo. Banc 1977).
Attorney General's Opinion No. 290, December 5, 1968, Brewer, concluded that a county's power to maintain and improve a hospital(§ 205.200) for the benefit of the greatest number of the inhabitants and persons falling sick, being injured or maimed in the county (§ 205.270) conferred by implication the power to operate or maintain an ambulance service directly connected with services to the hospital's patients. However, we do not think the operation or maintenance of an ambulance service can be regarded as so necessary to the activities of a county health center that such power should be deemed fairly implied from their present express statutory powers.
Very truly yours,
 JOHN ASHCROFT Attorney General